IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JAROSLAW PALUHA AND**
**JOSEPH BARRACO,**

        **Plaintiffs,**

vs.                                                                           **Civ. No. 06-1244 JH/WDS**

**DANIEL JESUS NATIVIDAD, et al.,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on *Plaintiffs' Request for Entry of Default and Default Judgment Against Daniel Jesus Natividad* [Doc. No. 22], filed August 24, 2007. The Court, having considered the Motion and the applicable law and otherwise being fully advised, finds that Plaintiffs' Motion is well taken in part: default judgment will be entered on the issue of liability, but must be denied, without prejudice, on the issues of damages and costs.

Plaintiffs filed their Complaint for Debt and Money Due on Guarantee ("Complaint") on December 21, 2006. Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction based on diversity of citizenship, with Plaintiffs averred to be residents of California (Compl. ¶¶ 1-2), Defendants alleged to be residents of Texas (Compl. at ¶¶ 3-7), and the damages sought in excess of $75,000, excluding interest and costs (*id*. ¶ 8).

Plaintiffs move the Court for entry of default judgment against Defendant Daniel Jesus Natividad and seek an award of damages, interest, attorney's fees, costs and "other expenses as they

continue to accrue." (Doc. No. 22 at pp. 2-3). As evidenced by the Return of Service (Docket No. 17), Plaintiffs served Mr. Natividad on May 26, 2007. As of September 5, 2007, the date of the Clerk's Entry of Default (Docket No. 25), Mr. Natividad had not answered, defended, or otherwise appeared in this case. This remains true as of the date of this Memorandum Opinion and Order. Plaintiffs also have filed their attorney's Affidavit of Non-Military Service (Docket No. 21) attesting that Mr. Natividad is not a member of the military service of the United States. Accordingly, Plaintiffs are entitled to default judgment on the issue of liability, in accordance with Fed. R. Civ. P. 55(b)(2).

"[A] court may not enter a default judgment without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983). As damages remain to be determined in this matter, Plaintiffs' Motion must be denied in part pending a hearing on this issue. *See* Fed. R. Civ. P. 55(b)(2) ("If, in order to enable the court to enter judgment . . . , it is necessary . . . to determine the amount of damages . . ., the court may conduct such hearings or order such references as it deems necessary and proper . . . .") Furthermore, to the extent Plaintiffs seek an award of costs or attorney's fees, under the Local Civil Rules such a request must be made by separate motion. D.N.M.LR-Civ. 54.1 ("A motion to tax costs must be filed and served on each party within thirty (30) calendar days of entry of judgment.")

**WHEREFORE, IT IS HEREBY ORDERED** that *Plaintiffs' Request for Entry of Default and Default Judgment Against Daniel Jesus Natividad* [Doc. No. 22] is **GRANTED IN PART** and **DEFAULT JUDGMENT** will be entered against Defendant Daniel Jesus Natividad on the issue of liability.

**IT IS FURTHER ORDERED** that *Plaintiffs' Request for Entry of Default and Default Judgment Against Daniel Jesus Natividad* [Doc. No. 22] is **DENIED IN PART** without prejudice

regarding damages.  The Court will set a hearing at a future date to determine such damages.

                                                            **UNITED STATES DISTRICT JUDGE**