**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**JAROSLAW PALUHA AND**
**JOSEPH BARRACO,**

        **Plaintiffs,**

**vs.**                                                                                  **Civ. No. 06-1244 JH/WDS**

**DANIEL JESUS NATIVIDAD, et al.,**

        **Defendants.**

**MEMORANDUM OPINION AND ORDER**

      This matter is before the Court on *Plaintiffs' Request for Entry of Default and Default Judgment Against Daniel Jesus Natividad* [Doc. No. 22]. In a previous *Memorandum Opinion and Order* [Doc. No. 51], the Court granted default judgment in favor of Plaintiffs and against Defendant Daniel Jesus Natividad on the issue of liability only, leaving the issue of damages for a hearing. Subsequently, Plaintiffs filed the *Affidavit of Jaroslaw Paluha in Support of Default Judgment Against Daniel Jesus Natividad* [Doc. No. 78], setting forth the amounts due to the Plaintiffs as a result of the breach of the Net Lease Agreement (Exhibit A to Complaint) and the Guarantee of Lease (Exhibit B to Complaint) at issue in this case. Having reviewed the Lease, the Guarantee, and the Affidavit, the Court concludes that a damages hearing is not necessary, as the amount claimed "is a liquidated sum or one capable of mathematical calculation." *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983).

      The Court finds that from July of 2006, when the tenant made a late payment and beginning August of 2006 through December of 2007, when the tenant made no payments at all, Plaintiffs

incurred $415,331.24 in damages comprised of unpaid rent, as well as fees, charges, and interest at the rate of 15% per annum due under the terms of the Lease as well as the Guarantee.  Second, Plaintiffs incurred $35,330.96 in damages for real estate and personal property taxes that the tenant failed to pay, as well as late fees and interest.  Third, beginning in April of 2006, the tenant failed to provide financial statements as required by the Lease, thereby incurring late fees, which the tenant never paid.  The resulting fees and interest due under the Lease and Guaranty is $5,949.66.  Fourth, in their attempt to find a new lessee for the property, Plaintiffs incurred marketing costs.  They also paid for insurance, monthly utilities, and maintenance of the property totaling $30,410.26,[1] all of which are compensable under the terms of the Lease.  Finally, Plaintiffs incurred compensable attorney's fees in their efforts to collect amounts due under the Lease and Guarantee, as well as in connection with their efforts to sell the property that is the subject of the lease.  Those attorney's fees total $156,970.70.

    The foregoing damages total $643,992.82, which is to be offset by the $10,802.50 that Plaintiffs received in distributions from the tenant's bankruptcy estate, for a total of $633,190.32.  Under the terms of the Lease and the Guaranty, Plaintiffs are entitled to prejudgment interest on this amount at the rate of 15% per year from December 21, 2007 until the date this Memorandum Opinion and Order is entered, and post-judgment interest at the rate of 15% per year.

---

[1] In Exhibit 4 to his Affidavit, Plaintiff Paluha also included a claim of $3,050.00 for "onsite oversight."  There is no explanation as to the nature of these expenses, and it is not clear that they are compensable under the Lease or the Guaranty.  Accordingly, the Court will not grant those expenses as damages.

**IT IS THEREFORE ORDERED** that *Plaintiffs' Request for Entry of Default and Default Judgment Against Daniel Jesus Natividad* [Doc. No. 22] is **GRANTED**.  A Final Judgment against Daniel Jesus Natividad will be entered contemporaneously with this Memorandum Opinion and Order.

_____
**UNITED STATES DISTRICT JUDGE**